UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY COOPER, | No. 2:14-cv-0453 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| K. JONES, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "The pleading must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421(1969).

Plaintiff alleges that on December 17, 2010, defendant Correctional Officer K. Jones acted "with conscious reckless disregard" in maintaining possession of his five-pound flashlight, which dropped from the gun walk area at California State Prison Folsom's Building 1 unit and hit plaintiff in the head.  Complaint at 3.  Plaintiff, who was waiting in the medical line below the gun walk area, suffered open wound injuries, severe bleeding, laceration and headaches.  Id.

Plaintiff had to have five or six sutures to close the wound as a result of the "blunt force trauma injury."  Id. at 4.  Defendant Jones admitted he had caused plaintiff's injury.  Id.  Plaintiff seeks declaratory relief and compensatory and punitive damages.  Id. at 4-5.

Plaintiff includes a copy of an informational chrono, dated 12/17/10 and evidently signed by a correctional sergeant and defendant Cooper, as an exhibit to his verified complaint which states in full:

> On Friday, December 17, 2010 at approximately 1235 hours, Inmate Cooper (C-23575, 1-D2-21) was sitting on the bench in the C-side medication line. While Officer K. Jones was working as the Unit One Gun Walk C-side Officer, his flashlight inadvertently came out of its holder and fell from the lower gun walk area, hitting Inmate Cooper on the top of his head. Inmate Cooper was taken to the Treatment Triage Area (TTA) and was treated by medical staff. Inmate Cooper required (4) sutures for his injuries.

Complaint at 8.

Eighth Amendment

To violate the Eighth Amendment's prohibition against cruel and unusual punishment, a prison official must have a "sufficiently culpable state of mind."  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  A showing of negligence or gross negligence is not sufficient.  Id. at 835-36; Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.1990).  Rather, a prisoner must show that the defendant acted with "deliberate indifference" to his health or safety.  Farmer, 511 U.S. at 834.  To do so, the prisoner must establish that the defendant knew of and disregarded an excessive risk to his health or safety.  Id. at 837, 842 (knowledge can be inferred from the obviousness of the risk).  A prison official may thus be free from liability if he or she did not know of the risk or took reasonable action in response to the risk "even if the harm ultimately was not averted."  Id. at 844.

Although plaintiff alleges in conclusory fashion that defendant Cooper acted "with conscious reckless disregard," the specific facts alleged (including those in plaintiff's exhibit) do not indicate that the dropping of the flashlight was anything other than purely accidental. The fact that plaintiff suffered injuries does not turn an accident or act of negligence into an Eighth Amendment violation. Plaintiff doers not allege that he failed to receive prompt and adequate medical attention after the unfortunate incident. The complaint will be dismissed but plaintiff will be granted leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the

1 | Director of the California Department of Corrections and Rehabilitation filed concurrently
2 | herewith.
3 |     3.  The complaint is dismissed for the reasons discussed above, with leave to file an
4 | amended complaint within twenty-eight days from the date of service of this order.  Failure to file
5 | an amended complaint will result in a recommendation that the action be dismissed.
6 | DATED: June 27, 2014

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE