1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                      FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11   ANTHONY COOPER,                              No.  2:14-cv-0453 KJM AC P

12                  Plaintiff,

13        v.                                      FINDINGS AND RECOMMENDATIONS

14   K. JONES,

15                  Defendant.

16

17   I. Introduction

18          Plaintiff is a state prisoner who proceeds pro se and in forma pauperis with this civil rights

19   action filed pursuant to 42 U.S.C. § 1983.  Plaintiff is incarcerated at Folsom State Prison, under

20   the authority of the California Department of Corrections and Rehabilitation (CDCR).  This

21   action proceeds on plaintiff's First Amended Complaint (FAC).[1]  ECF No. 13.

22          Currently pending is defendant's motion to dismiss this action on the ground that plaintiff

23   commenced it after expiration of the statute of limitations; alternatively, defendant seeks

24   dismissal under the abstention principles established by Younger v. Harris, 401 U.S. 37 (1971),

25   because plaintiff is also pursuing a state court action premised on the same incident challenged

26

27   ───────────────────
     [1]  Plaintiff erroneously identified his FAC as a "Second Amended Complaint" on the face of the
     FAC.
28

                                              1

1    here.  See ECF No. 20.  Plaintiff filed an opposition to defendant's motion, ECF No. 22;

2    defendant filed a reply, ECF No. 23.

3         For the reasons set forth herein, this court recommends that defendant's motion to dismiss

4    be denied, without prejudice to defendant seeking a stay of this action under the Colorado River

5    doctrine, see Colorado River Water Conservation District v. United States, 424 U.S. 800, 817

6    (1976).

7    II.  Background

8         Plaintiff filed his initial complaint in this action on February 2, 2014.[2]  Plaintiff claimed a

9    "[v]iolation of [the] Eigh[t]h Amendment by deprivation of right to be free from pain."  ECF No.

10   1 at 3.  In the initial screening order, this court recounted the allegations of plaintiff's original

11   complaint as follows, ECF No. 10 at 3 (internal citations to complaint omitted):

12        Plaintiff alleges that on December 17, 2010, defendant Correctional
          Officer K. Jones acted "with conscious reckless disregard" in
13        maintaining possession of his five-pound flashlight, which dropped
          from the gun walk area at California State Prison Folsom's
14        Building 1 Unit and hit plaintiff in the head.  Plaintiff, who was
          waiting in the medical line below the gun walk area, suffered open
15        wound injuries, severe bleeding, laceration and headaches.

16        Plaintiff had to have five or six sutures to close the wound as a
          result of the "blunt force trauma injury."  Defendant Jones admitted
17        he had caused plaintiff's injury.  Plaintiff seeks declaratory relief
          and compensatory and punitive damages.  Plaintiff includes a copy
18        of an informational chrono, dated 12/17/10 and evidently signed by
          a correctional sergeant and [plaintiff] Cooper, as an exhibit to his
19        verified complaint which states in full:

20            On Friday, December 17, 2010 at approximately 1235
              hours, Inmate Cooper (C-23575, 1-D2-21) was sitting
21            on the bench in the C-side medication line.  While
              Officer K. Jones was working as the Unit One Gun
22            Walk C-Side Officer, his flashlight inadvertently came
              out of its holder and fell from the lower gun walk area,
23            hitting Inmate Cooper on the top of his head.  Inmate
              Cooper was taken to the Treatment Triage Area (TTA)
24

25   _____
     [2]  Plaintiff's filings are accorded the benefit of the prison mailbox rule, pursuant to which a
26   document is deemed served or filed on the date a prisoner signs the document (or signs the proof
     of service, if later) and gives it to prison officials for mailing.  See Houston v. Lack, 487 U.S. 266
27   (1988) (establishing prison mailbox rule); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir.
     2010) (applying the mailbox rule to both state and federal filings by prisoners).
28

                                          2

1    and was treated by medical staff.   Inmate Cooper
     required (4) sutures for his injuries.
2

3        For the following reasons, this court found that the allegations of the original complaint

4    failed to state a cognizable claim under the Eighth Amendment, ECF No. 10 at 4:

5            Although plaintiff alleges in conclusory fashion that defendant
             Cooper acted "with conscious reckless disregard," the specific facts
6            alleged (including those in plaintiff's exhibit) do not indicate that
             the dropping of the flashlight was anything other than purely
7            accidental.  The fact that plaintiff suffered injuries does not turn an
             accident or act of negligence into an Eighth Amendment violation.
8            Plaintiff does not allege that he failed to receive prompt and
             adequate medical attention after the unfortunate incident.
9

10   This court dismissed the complaint, informed plaintiff of the legal standards for stating an Eighth

11   Amendment claim, and granted plaintiff leave to file an amended complaint.  ECF No. 10.

12       In his operative FAC, filed July 29, 2014, plaintiff alleges in pertinent part that he

13   "believes he was target[ed] for the flashlight to be dropped in his direction and the flashlight was

14   dropped deliberately to observe the maximum injury result for amusement by [defendant] K.

15   Jones."  ECF No. 13 at 3.  Plaintiff also alleges that it was "physically impossible" for the

16   accident to occur in the manner described by defendant and required "deliberate place[ment]."

17   Id. at 4.  The FAC avers that it "is a question for the jury to determine" whether defendant acted

18   with deliberate indifference.  Id. at 2.  Plaintiff seeks both damages and declaratory relief.  Id. at

19   5.  The court found that the FAC states a potentially cognizable Eighth Amendment claim against

20   defendant Jones, and ordered service of the FAC on defendant.  ECF Nos. 16, 18.  Defendant

21   responded with the pending motion to dismiss.

22       Defendant contends, and plaintiff concedes, that on October 4, 2011 (more than two years

23   before commencing the instant federal case), plaintiff filed a state court action based on the same

24   incident challenged here.[3]  Defendant has provided a copy of plaintiff's complaint filed in the

25   ─────────────────────
     [3]  Defendant correctly notes that plaintiff's FAC omits the date of the challenged incident.
26   Defendant implies that this omission was intentional by plaintiff in an effort to evade the statute
     of limitations.  Whether deliberate or inadvertent, plaintiff's failure to identify the date of the
27   challenged incident in his FAC does not impact this court's inference that the FAC addresses the
     same incident as plaintiff's original federal complaint, as well as the incident challenged in
28   (continued…)

                                            3

1    Sacramento County Superior Court (Case No. 34-2011-00111910).  See ECF No. 20-1 at 6-20.

2    The court takes judicial notice of plaintiff's state court complaint and of the Superior Court's

3    docket in that case.[4]  Plaintiff's state court complaint avers that it is an unlimited civil action for

4    damages (seeking in excess of $25,000) for personal injury, against defendants Jones, Folsom

5    State Prison and CDCR, based on theories of general negligence, intentional tort, premises

6    liability and "oppression."[5]  See ECF No. 20-1 at 6-20.  The docket indicates that plaintiff's state

7    court action is set for trial assignment on June 6, 2016.

8           Defendant moves to dismiss the instant federal action on statute of limitations grounds or,

9    alternatively, under the Younger abstention doctrine.

10   III.  Legal Standards for Dismissal Under Rule 12(b)(6)

11          To survive a motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, a

12   complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

13   is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic

14   Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The court must accept as true the allegations of

15   the complaint, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and

16   _____

17   plaintiff's state court action, which occurred on December 17, 2010.
     [4]  This court may take judicial notice of court records.  See United States v. Howard, 381 F.3d
18   873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also
     Fed. R. Evid. 201 (court may take judicial notice of facts capable of accurate determination by
19   sources whose accuracy cannot reasonably be questioned).
     [5]  Although alleging an intentional tort theory, the allegations of the complaint appear to
20   emphasize a negligence theory against defendant Jones, viz., "injury suffered as a direct result of
     [defendant's] controlling [his] flashlight," ECF No. 20-1 at 9; "[plaintiff] suffered injury as a
21   direct result of K. Jones['] flashlight falling from his possession or control," id. at 11; "K Jones[']
     flashlight inadvertently fell out of his holder," id. at 12, 13 and 17; "defendant admitted[] to
22   dropping his flashlight to the first tier from the fifth tier by failure to maintain security of his
     possessed flashlight," id. at 15; "[t]he negligence act imposed or cause[d] head [injuries]," id.;
23   and "defendant(s) negligently caused the damage to plaintiff on 12/17/2010 . . . negligently
     maintained the Gun Walker with strapless flashlight holders, and thereby allowed a dangerous
24   condition to exist, which caused injury to plaintiff when the flashlight fell," id. at 16.
25      Plaintiff's "premises liability" claim against defendants Folsom State Prison and CDCR
     alleges, inter alia, negligent maintenance of the subject premises and "employing faulty
26   equipment."  Id. at 10, 17.

27      The court expresses no opinion at this time as to any potential inconsistencies among
     plaintiff's negligent and intentional tort claims and/or his deliberate indifference claim.
28

4

construe the pleading in the light most favorable to plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).

The court may consider facts established by exhibits attached to the complaint.  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also consider facts that may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and similar papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986).  However, "[a] motion to dismiss made under Federal Rule of Civil Procedure 12(b)(6) must be treated as a motion for summary judgment under Federal Rule of Civil Procedure 56 if either party to the motion to dismiss submits materials outside the pleadings in support or opposition to the motion, and if the district court relies on those materials."  Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir.1996).

A district court may dismiss an action under Rule 12(b)(6) "[i]f the running of the statute is apparent on the face of the complaint," and "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled."  Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980).  A motion to dismiss based on the statute of limitations cannot be granted "if the factual and legal issues are not sufficiently clear to permit [the court] to determine with certainty whether the doctrine [of equitable tolling] could be successfully invoked."  Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1207 (9th Cir. 1995).

IV.  Discussion

A.  Statute of Limitations

Defendant initially moves to dismiss this action on the ground that plaintiff commenced it after expiration of the two-year statute of limitations.  Plaintiff responds that the applicable limitations period is four years, and that defendant has not considered the tolling of the limitations period while plaintiff exhausted his administrative remedies.

////

1           1. <u>Legal Standards</u>

2        "[B]ecause there is no specified statute of limitations for an action under 42 U.S.C. §

3 1983, the federal courts look to the law of the state in which the cause of action arose and apply

4 the state law of limitations governing an analogous cause of action." <u>Pouncil v. Tilton</u>, 704 F.3d

5 568, 573 (9th Cir. 2012) (citation omitted). "For actions under 42 U.S.C. § 1983, courts apply the

6 forum state's statute of limitations for personal injury actions, along with the forum state's law

7 regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent

8 with federal law." <u>Jones v. Blanas</u>, 393 F.3d 918, 927 (9th Cir. 2004); <u>see</u> <u>also</u> <u>Azer v. Connell</u>,

9 306 F.3d 930, 935-36 (9th Cir. 2002).

10        In California, the statute of limitations for personal injury actions is two years. <u>See</u> Cal.

11 Code Civ. Proc. § 335.1; <u>Maldonado v. Harris</u>, 370 F.3d 945, 954-55 (9th Cir. 2004). This

12 limitations period is statutorily tolled for another two years for prisoners serving less than a life

13 sentence, resulting in a total limitations period of four years; however, prisoners serving life

14 sentences are not entitled to this statutory tolling. <u>See</u> Cal. Civ. Proc. Code § 352.1(a); <u>Johnson v.</u>

15 <u>State of California</u>, 207 F.3d 650, 654 (9th Cir. 2000).

16        Also in California, "the applicable statute of limitations must be tolled while a prisoner

17 completes the mandatory [administrative] exhaustion process." <u>Brown v. Valoff</u>, 422 F.3d 926,

18 943 (9th Cir. 2005).

19        Additionally, "[u]nder California law, a plaintiff must meet three conditions to equitably

20 toll a statute of limitations: (1) defendant must have had timely notice of the claim; (2) defendant

21 must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's

22 conduct must have been reasonable and in good faith." <u>Fink v. Shedler</u>, 192 F.3d 911, 916 (9th

23 Cir. 1999), <u>cert. denied</u>, 529 U.S. 1117 (2000) (citation omitted); <u>see</u> <u>also</u> <u>Lantzy v. Centex</u>

24 <u>Homes</u> (2003) 31 Cal. 4th 363, 370 ("This court has applied equitable tolling in carefully

25 considered situations to prevent the unjust technical forfeiture of causes of action, where the

26 defendant would suffer no prejudice.") (collecting cases.).

27        "Although state law determines the length of the limitations period, 'federal law

28 determines when a civil rights claim accrues.'" <u>Azer</u>, 306 F.3d at 936 (quoting <u>Morales v. City of</u>

1  Los Angeles, 214 F.3d 1151, 1153-54 (9th Cir. 2000).  "Under federal law, a claim accrues when

2  the plaintiff knows or has reason to know of the injury which is the basis of the action."

3  TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999).

4              2.  Analysis

5        The parties do not dispute the accrual date of plaintiff's federal claim.  Plaintiff knew of

6  his injury and the facts supporting his claim on the date defendant Jones' dropped his flashlight

7  on plaintiff's head.  See TwoRivers, 174 F.3d at 991.  Therefore, it is undisputed that plaintiff's

8  claim accrued on the date of his injury, December 17, 2010.  See n.3, supra.

9        However, it remains unclear whether California's two- or four-year limitations period

10  applies.  In his motion to dismiss, defendant contends that the two-year limitations period set

11  forth in California Code of Civil Procedure section 335.1 should apply, without the additional

12  two-year statutory tolling provided by California Code of Civil Procedure section 352.1(a),

13  because plaintiff "has failed to plead any facts showing that he is serving a sentence of 'a term

14  less than for life.'"  ECF No. 20 at 7.  Indeed, in his opposition to the pending motion, plaintiff

15  states that he is serving a life sentence.  See ECF No. 22 at 2, 3.  Defendant then relies on this

16  statement in his reply, asserting that plaintiff "admits on page 3 of his complaint [sic] that he is

17  serving a life sentence."  ECF No. 23 at 2.

18        Defendant could have, but did not, submit records documenting plaintiff's sentence.  By

19  failing to provide such documentation, which would be subject to judicial notice, defendant has

20  failed to adequately support his motion.  Plaintiff does not reference his sentence in his original or

21  amended complaint.  As a result, this court cannot ascertain *from the pleadings*, as is required on

22  a motion to dismiss, whether plaintiff is entitled to a baseline statute of limitations period of two

23  or four years.

24        In addition, defendant fails to consider that the limitations period was tolled while plaintiff

25  exhausted his administrative remedies.  See Brown, 422 F.3d at 942-43.  Plaintiff states that he

26  exhausted the relevant administrative grievance process on February 4, 2011.  See ECF No. 22 at

27  2.  Assuming that plaintiff promptly commenced that review process following his December 17,

28  ////

2010 injury, the statute was continuously tolled from the date of accrual through February 4, 2011.

Therefore, absent equitable tolling, plaintiff had two – or four – years from February 4, 2011 to file the instant federal action.  Plaintiff filed his initial complaint in this action nearly three years later, on February 2, 2014.  Whether plaintiff is in fact serving a life sentence is critical to assessing the timeliness of this action.

Additionally, although plaintiff does not expressly asserts a basis for equitable tolling, this court must "determine with certainty" that the doctrine of equitable tolling could not successfully be invoked before finding dismissal appropriate on statute of limitations grounds.  Supermail Cargo, 68 F.3d at 1207.  Significantly, "California allows equitable tolling of the statute of limitations when a plaintiff, possessing several legal remedies, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage, thereby allowing the statutory period to run."  Guerrero v. Gates, 442 F.3d 697, 706 (9th Cir. 2006) (citations and internal punctuation and quotation marks omitted).  "A plaintiff whose ignorance of the statutory period is excusable may file a lawsuit outside that period as long as he causes no prejudice to the defendants by doing so."  Id.

In Addison v. State of California (1978) 21 Cal. 3d 313, 317, the California Supreme Court held that equitable tolling was appropriate to relieve plaintiffs from a state statute of limitations bar in an action promptly filed in state court after the federal court rejected plaintiff's action for failure to state a claim.  The California Supreme Court explained, id. at 319 (citations and internal quotation marks omitted):

> Unquestionably, the same set of facts may be the basis for claims under both federal and state law.  We discern no reason of policy which would require plaintiffs to file simultaneously two separate actions based upon the same facts in both state and federal courts since duplicative proceedings are surely inefficient, awkward and laborious.   [¶]  Furthermore, since the federal court action was timely filed, defendants were notified of the action and had the opportunity to begin gathering their evidence and preparing their defense.  No prejudice to defendants is shown, for plaintiffs' state court action was filed within one week of the dismissal of the federal suit.  To apply the doctrine of equitable tolling in this case, in our view, satisfies the policy underlying the statute of limitations

without ignoring the competing policy of avoiding technical and unjust forfeitures.

Although the circumstances in the present case are different – plaintiff in this case timely filed a state court action which was pending for more than two years when he filed the instant federal action – the factors supporting equitable tolling in <u>Addison</u> are present here.  Due to plaintiff's state court action, defendant Jones was timely notified of plaintiff's alleged injury, has had ample opportunity to gather evidence and prepare his defense, and therefore does not appear to have been prejudiced by the allegedly untimely filing of the instant case.  <u>See</u> <u>Addison</u>, 21 Cal. 3d at 319.  Moreover, it appears that plaintiff filed the instant federal action in good faith, under the assumption that he was within the applicable statute of limitations.  <u>See</u> <u>Guerrero</u>, 442 F.3d at 706 (equitable tolling appropriate where plaintiff initially pursued an alternative legal remedy in good faith); <u>accord</u>, <u>Fink,</u> 192 F.3d at 916 (equitable tolling appropriate when defendant has had timely notice of the claim, will not be prejudiced, and plaintiff has acted in good faith); <u>see also</u> <u>Lantzy</u>, 31 Cal. 4th at 370 (applying equitable tolling to prevent unjust technical forfeiture of claim where defendant has not been prejudiced).

These reasonable inferences and supporting authority indicate that plaintiff may be able to present a set of facts that would support equitable tolling in this case.  However, because such facts are not apparent on the face of the FAC, or evident from the judicially noticed records, this court is unable to assess this matter on the pending motion to dismiss.  "Generally, the applicability of equitable tolling depends on matters outside the pleadings, so it is rarely appropriate to grant a Rule 12(b)(6) motion to dismiss . . . if equitable tolling is at issue."  <u>Huynh</u> <u>v. Chase Manhattan Bank</u>, 465 F.3d 992, 1003-04 (9th Cir. 2006) (citing <u>Supermail Cargo</u>, 68 F.3d at 1206).

For these several reasons, this court cannot fully assess whether the instant action was timely filed.  Therefore, the undersigned recommends that defendant's motion to dismiss based on statute of limitations grounds be denied without prejudice.

B.  <u>Abstention or Stay</u>

Defendant alternatively contends that this court should dismiss this action under the

9

1    Younger abstention doctrine.  Plaintiff responds that Younger should not apply because he has

2    asserted different claims in his state and federal actions.  For the reasons that follow, this court

3    finds that Younger abstention principles do not apply, but that defendant may seek a stay of this

4    action under Colorado River Water Conservation District v. United States, supra, 424 U.S. 800.

5                            1.  Younger Abstention

6          Younger abstention is limited to the following "three exceptional categories" of cases

7    identified in New Orleans Public Service, Inc. v. Council of New Orleans (NOPSI), 491 U.S. 350,

8    367-68 (1989):  "(1) 'parallel, pending state criminal proceedings,' (2) 'state civil proceedings

9    that are akin to criminal prosecutions,' and (3) state civil proceedings that 'implicate a State's

10   interest in enforcing the orders and judgments of its courts.'"  ReadyLink Healthcare, Inc. v. State

11   Comp. Ins. Fund, 754 F.3d 754, 759 (9th Cir. 2014) (quoting Sprint Communications, Inc. v.

12   Jacobs, __ U.S.__, 134 S. Ct. 584, 588 (2013)).

13         Plaintiff's state court action does not come within any of these categories.  The pending

14   state action is clearly not a criminal proceeding.  Nor is the state action, initiated by plaintiff, akin

15   to a criminal prosecution.  Cf., Moore v. Sims, 442 U.S. 415 (1979) (federal action challenged

16   constitutionality and enforcement of state child abuse statutes); Huffman v. Pursue, Ltd., 420 U.S.

17   592 (1975) (federal action challenged enforcement of state public nuisance statute).  Nor is the

18   state action in the nature of a civil enforcement proceeding.[6]  Cf., Juidice v. Vail, 430 U.S. 327

19   (1977) (federal action challenged constitutionality and enforcement of state civil contempt

20   proceedings); Trainor v. Hernandez, 431 U.S. 434, 444 (1977) (federal action challenged

21   constitutionality and enforcement of state attachment statute).  Plaintiff's state action does not

22   "establish a vital interest in the state's judicial functions," but involves no more "than a state's

23   generic interest in the resolution of an individual case or in the enforcement of a single state court

24   judgment."  Potrero Hills Landfill, Inc. v. County of Solano, 657 F.3d 876, 886 (9th Cir. 2011).

25   ───────────────
     [6]  "For civil enforcement actions that are akin to criminal proceedings, . . . 'a state actor is
26   routinely a party to the state proceeding and often initiates the action,' the proceedings 'are
     characteristically initiated to sanction the federal plaintiff . . . for some wrongful act,' and
27   '[i]nvestigations are commonly involved, often culminating in the filing of a formal complaint or
     charges.'"  ReadyLink, 754 F.3d at 759 (quoting Sprint, 134 S. Ct. at 592).
28

                                          10

1    For these reasons, this court finds that <u>Younger</u> abstention does not apply.[7]  <u>Accord,</u>

2    <u>Hudson v. Bigney</u>, Case No. 2:11-cv-3052 LKK AC P, 2012 WL 6203055, at *4, 2012 U.S. Dist.

3    LEXIS 176337 (E.D. Cal. Dec. 12, 2012), report and recommendation adopted, 2013 WL

4    486130, 2013 U.S. Dist. LEXIS 16262 (E.D. Cal. Feb. 6, 2013) ("<u>Younger</u> does not apply in the

5    context of ordinary civil litigation") (citing <u>Potrero Hills</u> 657 F.3d at 882).  Therefore, defendant's

6    motion to dismiss based on <u>Younger</u> abstention should be denied with prejudice.

7            2.  <u>Colorado River Doctrine</u>

8          Nevertheless, a federal district court may stay an action under exceptional circumstances

9    "due to the presence of a concurrent state proceeding for reasons of wise judicial administration."

10   <u>Colorado River Water Conservation District v. United States</u>, 424 U.S. 800, 818 (1976); <u>accord,</u>

11   <u>Moses H. Cone Memorial Hospital v. Mercury Construction Corp.</u>, 460 U.S. 1, 28 (1983).  "The

12   <u>Colorado River</u> doctrine is not a recognized form of abstention.  Instead, it is a form of deference

13   to state court jurisdiction."  <u>Coopers & Lybrand v. Sun-Diamond Growers</u>, 912 F.2d 1135, 1137

14   (9th Cir. 1990) (citations omitted).  Within the Ninth Circuit, "district courts must stay, rather

15   than dismiss, an action when they determine that they should defer to the state court proceedings

16   under <u>Colorado River</u>."  <u>Id.</u> at 1138 (citing, inter alia, <u>Attwood v. Mendocino Coast District</u>

---

17   [7]   The court reaches the same conclusion by analysis of the requirements for finding <u>Younger</u>
18   abstention appropriate in an "exceptional category" case.  <u>See</u> <u>Sprint</u>, <u>supra</u>, 134 S. Ct. at 588.
     As summarized by the Ninth Circuit in <u>San Jose Silicon Valley Chamber of Commerce Political</u>
19   <u>Action Comm. v. City of San Jose</u>, 546 F.3d 1087, 1092 (9th Cir. 2008) (citations omitted),
     abstention under <u>Younger</u> is warranted when:
20

21         [F]our requirements are met:  (1) a state-initiated proceeding is
           ongoing; (2) the proceeding implicates important state interests; (3)
           the  federal  plaintiff  is  not  barred  from  litigating  federal
22         constitutional  issues  in  the  state  proceeding;  and  (4)  the  federal
           court  action  would  enjoin  the  proceeding  or  have  the  practical
23         effect  of  doing  so,  i.e.,  would  interfere  with  the  state  proceeding  in
           a  way  that  <u>Younger</u> disapproves.
24

25   In the present case, the second factor is not met.  While all state court actions implicate the
     important state interest of "protecting 'the authority of the judicial system, so that its orders and
26   judgments are not rendered nugatory,'" <u>H.C. ex rel. Gordon v. Koppel</u>, 203 U.S. 610, 613 (9th
     Cir. 2000) (quoting <u>Juidice</u>, <u>supra</u>, 430 U.S. at 336 n.12), such interest in plaintiff's private state
27   civil litigation is not "vital to the operation of state government," <u>see</u> <u>Potrero Hills</u>, 657 F. 3d at
     883 n.7 and related text.
28

1  Hospital, 886 F.2d 241, 242-44 (9th Cir. 1989); see also R.R. Street & Co. Inc. v. Transport. Ins.

2  Co., 656 F.3d 966, 978 n.8 (9th Cir. 2011) ("We generally require a stay rather than a

3  dismissal.").

4        "Abstention from the exercise of federal jurisdiction is the exception, not the rule."

5  Colorado River, 424 U.S. at 817.  The determination whether to stay a federal action because of a

6  parallel state-court action rests "on a careful balancing of the important factors as they apply in a

7  given case, with the balance heavily weighted in favor of the exercise of jurisdiction.  The weight

8  to be given to any one factor may vary greatly from case to case, depending on the particular

9  setting of the case."  Moses Cone, 460 U.S. at 16.  Presented with a motion to stay under

10  Colorado River, this court must weigh the following factors:

11
            Colorado River enumerated four factors that courts may consider in
12       determining    whether    "considerations   of    wise   judicial
         administration" outweigh the duty to exercise federal jurisdiction:
         (1) whether the state court was the first to assume jurisdiction over
13       a property; (2) the relative inconvenience of the federal forum; (3)
         the desirability of avoiding piecemeal litigation; and (4) the order in
14       which the courts obtained jurisdiction. 424 U.S. at 818.  In Moses
         Cone, 460 U.S. at 23, the Supreme Court added two more
15       considerations:    (5) whether federal law provides the rule of
         decision on the merits; and (6) whether the state court proceeding
16       can adequately address the rights of the federal plaintiff.   Our
         circuit has also added – and repeatedly emphasized – another
17       factor: (7) whether the exercise of jurisdiction would encourage
         forum-shopping.  Fireman's Fund Ins. Co. v. Quackenbush, 87 F.3d
18       290, 297 (9th Cir. 1996); see, e.g., Holder [v. Holder], 305 F.3d
         [854] at 870, 871 [9th Cir. 2002]; Nakash v. Marciano, 882 F.2d
19       1411, 1417 (9th Cir. 1989).

20  AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1155 (9th Cir. 2007) (Ferguson, Circuit

21  Judge, concurring).  See also, e.g., Travelers Indemnity Co. v. Madonna, 914 F.2d 1364, 1367-72

22  (9th Cir. 1990) (applying factors to find Colorado River stay unwarranted); accord, Hudson,

23  supra, Case No. 2:11-cv-3052 LKK AC P, 2012 WL 6203055, at *4, 2012 U.S. Dist. LEXIS

24  176337, report and recommendation adopted, 2013 WL 486130, 2013 U.S. Dist. LEXIS 16262;

25  but see Jackson v. Pletcher, Case No. 2:11-cv-1157 JAM KJN P, 2013 WL 1087812, 2013 U.S.

26  Dist. LEXIS 35702 (E.D. Cal. Mar. 14, 2013) (findings and recommendations finding stay

27  appropriate under Colorado River), vacated on other grounds by order filed May 2, 2013 (see

28  ECF No. 196); Gaston v. Terronez, Case No. 1:08-cv-01629 GSA P, 2012 WL 652640, 2012

                                                12

1  U.S. Dist. LEXIS 25577 (E.D. Cal. Feb. 28, 2012) (order finding stay appropriate under Colorado

2  River and Younger).

3       The party seeking to stay a federal action due to the presence of a concurrent state

4  proceeding has the burden of showing, based on an application of the above-noted factors, that

5  "exceptional circumstances" warrant such action.  See Colorado River, 424 U.S. at 819 ("Only

6  the clearest of justifications will warrant dismissal."); see also Ally Bank v. Castle, Case No. 11-

7  cv-0896 YGR, 2012 WL 3627631, at *3, 2012 U.S. Dist. LEXIS 118449 (N.D. Cal. Aug. 20,

8  2012) ("[T]he party moving for a stay under Colorado River bears a heavy burden in justifying

9  such an order.") (Citations omitted.); Oglesby v. County of Kern, Case No. 1:05-cv-0873 TAG,

10  2005 WL 3031466, at *9, 2005 U.S. Dist. LEXIS 29363 (E.D. Cal. Nov. 4, 2005) ("Defendants

11  have not met their particularly weighty burden to show that exceptional circumstances favor a

12  stay or dismissal in this case.").  "[T]he burden of persuasion rest[s] on the party opposing the

13  exercise of federal jurisdiction."  Arkwright–Boston Mfrs. Mut. Ins. Co. v. City of N.Y., 762 F.2d

14  205, 210 (2d Cir.1985).

15       Pursuant to this authority, this court recommends that defendant be permitted to file and

16  serve, within thirty days after the adoption of these findings and recommendations, a fully-briefed

17  motion to stay this action under the Colorado River doctrine.[8]  Should defendant fail to file such

18  ////

19

20  [8]  Plaintiff is informed, however, that while a stay of this action would preserve the status quo on
defendant's statute of limitations argument, see Wilton v. Seven Falls Co., 515 U.S. 277, 288 n.2
21  (1995) ("where the basis for declining to proceed is the pendency of a state proceeding, a stay . . .
assures that the federal action can proceed without risk of a time bar"), the doctrine of res judicata
22  may later bar this court's consideration of plaintiff's federal claim.  This is because "the doctrine
of res judicata will bar not only claims actually litigated in a prior proceeding, but also *claims that*
23  *could have been litigated.*"  Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d
362, 364 (9th Cir. 1993) (emphasis added); accord Owens v. Kaiser Found. Health Plan, Inc., 244
24  F.3d 708, 713 (9th Cir. 2001); see also Gaston v. Terronez, Case No. 1:08-cv-01629 GSA P (E.D.
Cal. Oct. 30, 2013) (ECF No. 69), 2013 WL 5877015, 2013 U.S. Dist. LEXIS 155807 (after stay
25  issued under Colorado River and Younger was lifted, the district court was precluded from
considering the merits of plaintiff's federal claim based on principles of res judicata).  For this
26  reason, plaintiff should consider whether to attempt to amend his state court complaint to add his
federal claim.
27

28

13

1   motion, the court will issue a Discovery and Scheduling Order and this case will proceed on the

2   merits.

3   V.  Summary

4          Defendant's motion to dismiss this action as untimely should be denied without prejudice

5   because there is insufficient evidence in the pleadings and judicially noticed records to assess the

6   matter.

7          Defendant's motion to dismiss this action under Younger abstention principles should be

8   denied with prejudice because Younger does not apply to the circumstances of plaintiff's federal

9   and state actions.

10  VI.  Conclusion

11         For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

12         1.  Defendant's motion to dismiss, ECF No. 20, be denied as follows:  defendant's motion

13  to dismiss this action as untimely be denied without prejudice, and defendant's alternative motion

14  to dismiss this action under the Younger abstention doctrine be denied with prejudice.

15         2.  Defendant be accorded thirty (30) days after the adoption of these findings and

16  recommendations within which to file and serve a fully-briefed motion to stay this action under

17  the Colorado River doctrine.[9]

18         These findings and recommendations are submitted to the United States District Judge

19  assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

20  after service of these findings and recommendations, any party may file written objections with

21  the court and serve a copy on all parties.  Such a document should be captioned "Objections to

22  Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be

23  filed and served within seven days after service of the objections.  The parties are advised that

24  ////

25  ////

26

27

28

---

[9]  Should defendant file and serve such motion, plaintiff should be instructed to file and serve a
response within 21 days after service of defendant's motion, and defendant should be permitted to
file and serve a reply within 7 days after service of plaintiff's response.

1    failure to file objections within the specified time may waive the right to appeal the District

2    Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3    DATED: December 17, 2015

4

                                     ALLISON CLAIRE

5                                       UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28