UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY COOPER,<br><br>    Plaintiff,<br><br>    v.<br><br>K. JONES,<br><br>    Defendant. | No. 2:14-cv-0453 KJM AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 17, 2015, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty-one days. ECF No. 25. On December 28, 2015, defendant filed objections to the findings and recommendations. ECF No. 26. On January 14, 2016, plaintiff filed a response to defendant's objections. ECF No. 28. Based on plaintiff's response, by order filed February 5, 2016, the court converted that part of defendant's motion to dismiss seeking dismissal of this action as time-barred to a motion for summary judgment and granted defendant a period of ten days in which to respond to plaintiff's

/////

1

response and the evidence contained therein. ECF No. 29 at 2.  On February 16, 2016, defendant filed a response, ECF No. 30, and on February 29, 2016, plaintiff filed a reply to defendant's response, ECF No. 31.

In the response, defendant concedes the fact relevant to disposition of the motion for summary judgment:  plaintiff is serving a life sentence with the possibility of parole.[1] ECF No. 30 at 1.  Therefore he is entitled to the two year tolling provision of California Code of Civil Procedure § 352.1(a).  *See Martinez v. Gomez*, 137 F.3d 1124, 1126 (9th Cir. 1998).

Defendant contends that the fact that plaintiff was able to file a state court action within one year of the incident giving rise to this lawsuit precludes application of § 352.1(a) in this case. Defendant argues this fact demonstrates plaintiff was not "legally disabled from filing a lawsuit within the two-year statute of limitation period."  ECF No. 30 at 1.  He argues that  "allowing an inmate the benefit of a tolling statute predicated on a legal disability, when as a matter of clear fact he is not so disabled, is not the intention of the statute."  ECF No. 30 at 3.

Defendant's argument is, as he concedes, not supported by any existing case law.  It also ignores the history and the language of § 352.1(a), and betrays a misunderstanding of the relevant "disability."  Prior to January 1, 1995, California Code of Civil Procedure § 352(a) provided in relevant part:

> If a person entitled to bring an action, mentioned in Chapter 3 of this title, be, at the time the cause of action accrued, ... Imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life; the time of such disability is not part of the time limited for the commencement of the action.

Cal. Code Civ. Proc. § 352(a) (West 1982).  Section 352(a) operated to toll statutes of limitations for California prisoners serving terms less than life for the entire period of their incarceration.

/////

/////

---

[1] Plaintiff's evidence suggests his sentence is twenty-five years to life in prison.  *See* ECF No. 29 at 2.

*See Grasso v. McDonough Power Equipment, Inc.*, 264 Cal.App.2d 597 (1968). Effective January 1, 1995, that statute was replaced by § 352.1(a). Section 352.1(a) provides:

> (a) If a person entitled to bring an action, mentioned in Chapter 3 (commencing with Section 335), is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

Cal. Code Civ. P. § 352.1(a). The language of § 352.1(a) is identical to the earlier statute, except that it limits the tolling available under its provisions to a period "not to exceed two years." *Id*. The only change wrought by the 1995 amendment was to shorten to two years the statutory tolling available for imprisonment. For purposes of both former § 352(a) and current § 352.1(a), "continuous custody is the relevant disability." *Elliott v. City of Union City*, 25 F.3d 800, 803 (9th Cir. 1994). The statute does not, as defendant contends, require proof that imprisonment actually impeded access to the courts in order for it to apply, nor does the fact that an inmate was able to access the courts render § 352.1(a) inapplicable.

The questions that control application of § 352.1(a) are: (1) when the cause of action accrued, was the plaintiff "imprisoned on a criminal charge" or serving a prison sentence of "less than life"; and (2) was the plaintiff continuously in custody for two years following accrual of the claim. Where, as here, the answer to both of those questions is yes, the plaintiff is entitled to statutory tolling of the limitations period under § 352.1(a) for two years.

For the reasons set forth in this order and the magistrate judge's findings and recommendations, plaintiff had four years from February 4, 2011 in which to file this action. The action was filed on or about February 2, 2014, *see Houston v. Lack,* 487 U.S. 266 (1988), and is therefore timely. This part of defendant's motion, converted to a motion for summary judgment, will be denied.

Neither party objects to the magistrate judge's findings and recommendations concerning defendant's motion to dismiss this action under *Younger v. Harris*, 401 U.S. 37 (1971). After review, that part of the findings and recommendations will be adopted in full.

/////

In accordance with the above, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed December 17, 2015 are adopted in part;
2. Defendant's March 2, 2015 motion to dismiss is converted to a motion for summary judgment insofar as defendant seeks dismissal of this action as barred by the statute of limitations and, so converted, is denied;
3. Defendant's March 2, 2015 motion to dismiss this action under *Younger v. Harris*, 410 U.S. 37 (1971) is denied with prejudice;
4. Defendant is granted thirty (30) days from the date of this order in which to file and serve a fully-briefed motion to stay this action under *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 818 (1976); and
5. This matter is referred back to the magistrate judge for handling of further pretrial matters.

DATED: March 3, 2016.

_____
UNITED STATES DISTRICT JUDGE

4