UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY COOPER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>K. JONES,<br><br>　　　　　Defendant. | No. 2:14-cv-0453 KJM AC P<br><br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

I.      Introduction

Plaintiff is a state prisoner who proceeds pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated at Folsom State Prison, under the authority of the California Department of Corrections and Rehabilitation (CDCR). Currently pending is defendant's motion to stay this action pending the conclusion of plaintiff's related state court action, pursuant to the authority of Colorado River Water Conservation District v. United States, 424 U.S. 800, 817 (1976). See ECF No. 34. Plaintiff filed an opposition to defendant's motion, ECF No. 36, and defendant filed a reply, ECF No. 37.

This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the reasons set forth herein, this court recommends that defendant's motion to stay this action be granted.

////

1   II.   Background

Plaintiff filed his initial complaint in this court on February 2, 2014.[1] In the First Amended Complaint (FAC),[2] filed July 29, 2014, plaintiff alleges that on December 17, 2011,[3] defendant Correctional Officer K. Jones deliberately dropped a flashlight on plaintiff's head from an elevated walkway, causing plaintiff injury. See ECF No. 13. The court found that the FAC states an Eighth Amendment claim against defendant Jones, and ordered service on defendant. ECF Nos. 16, 18.

Defendant initially responded with a motion to dismiss the FAC on statute of limitations grounds. See ECF No. 20. In the alternative, defendant sought to stay this action under the abstention principles established by Younger v. Harris, 401 U.S. 37 (1971), on the ground that plaintiff is currently pursuing a related action in state court. Id. Defendant's motion, construed in part as a motion for summary judgment, was denied on both grounds without prejudice to defendant filing a motion to stay this action under Colorado River. See ECF Nos. 25, 32.

The related state court action was filed on October 4, 2011, more than two years before the instant federal action, based on the same incident challenged here. Defendant has provided a copy of plaintiff's complaint filed in the Sacramento County Superior Court (Case No. 34-2011-00111910). See ECF No. 20-1 at 6-20. The court takes judicial notice of plaintiff's state court complaint and the Superior Court's docket in that case.[4] The state lawsuit is an unlimited civil

---

[1] Plaintiff's filings are accorded the benefit of the prison mailbox rule, pursuant to which a document is deemed served or filed on the date a prisoner signs the document (or signs the proof of service, if later) and gives it to prison officials for mailing. See Houston v. Lack, 487 U.S. 266 (1988) (establishing prison mailbox rule); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by prisoners).

[2] As discussed further below, plaintiff subsequently filed a Second Amended Complaint, without leave of court, which will be disregarded.

[3] As earlier noted by the court, see ECF No. 25 at 3 n.3, the FAC omits the date of the challenged incident. The court inferred, without objection by either party, that the FAC addresses the same incident alleged in plaintiff's original federal complaint, which occurred on December 17, 2010. This inference is confirmed by the allegations of plaintiff's proposed SAC. See ECF No. 27 at 4.

[4] This court may take judicial notice of court records. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201.

2

action for damages for personal injury, against defendants Jones, Folsom State Prison and CDCR, based on theories of general negligence, intentional tort, premises liability and "oppression." See ECF No. 20-1 at 6-20. The Superior Court docket indicates that plaintiff's case is now set for trial assignment on March 27, 2017.

Defendant moves to stay the instant federal action under the authority of Colorado River, supra, pending the conclusion of the related state court action. Plaintiff responds that he is entitled to simultaneously pursue his state law claims in state court and his federal claims in federal court, due to the primary jurisdiction and therefore specialization of each court. For the reasons set forth below, the court finds that the pertinent factors under Colorado River weigh in favor of staying this action, and therefore recommends that this action be stayed pending final resolution of plaintiff's related state court action.

III.   Legal Standards

Federal district courts have discretion to stay an action in "exceptional circumstances," "due to the presence of a concurrent state proceeding for reasons of wise judicial administration." Colorado River, 424 U.S. at 818; accord, Moses H. Cone Memorial Hospital v. Mercury Construction Corp. (Memorial Hospital), 460 U.S. 1, 28 (1983). "The Colorado River doctrine is not a recognized form of abstention. Instead, it is a form of deference to state court jurisdiction." Coopers & Lybrand v. Sun-Diamond Growers, 912 F.2d 1135, 1137 (9th Cir. 1990) (citations omitted). Within the Ninth Circuit, "district courts must stay, rather than dismiss, an action when they determine that they should defer to the state court proceedings under Colorado River." Id. at 1138 (citing, inter alia, Attwood v. Mendocino Coast District Hospital, 886 F.2d 241, 242-44 (9th Cir. 1989); see also R.R. Street & Co. Inc. v. Transport. Ins. Co., 656 F.3d 966, 978 n.8 (9th Cir. 2011) ("We generally require a stay rather than a dismissal.").

"Abstention from the exercise of federal jurisdiction is the exception, not the rule." Colorado River, 424 U.S. at 817. The determination whether to stay a federal action because of a parallel state-court action rests "on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction. The weight to be given to any one factor may vary greatly from case to case, depending on the particular

3

1  setting of the case." Memorial Hospital, 460 U.S. at 16.

2  The Ninth Circuit Court of Appeals has summarized the factors to be considered on a
3  motion to stay under Colorado River, as follows:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

R.R. Street, 656 F.3d at 978-79 (citations omitted); accord, AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1155 (9th Cir. 2007) (Ferguson, Circuit Judge, concurring); Travelers Indemnity Co. v. Madonna, 914 F.2d 1364, 1367-72 (9th Cir. 1990).

The party seeking to stay a federal action due to the presence of a concurrent state proceeding has the burden of showing, based on application of the above-noted factors, that "exceptional circumstances" warrant the requested stay. See Colorado River, 424 U.S. at 819 ("Only the clearest of justifications will warrant dismissal."). "[T]he burden of persuasion rest[s] on the party opposing the exercise of federal jurisdiction." Arkwright–Boston Mfrs. Mut. Ins. Co. v. City of N.Y., 762 F.2d 205, 210 (2d Cir. 1985).

IV. Analysis

A. Substantial Similarity

As a threshold matter, the state and federal actions must be "substantially similar" to support application of Colorado River. Nakash v. Marciano, 882 F.2d 1411, 1416 (9th Cir. 1989). This similarity requirement does not demand "exact parallelism." Id. Here the court finds plaintiff's state and federal actions to be substantially similar.

The undersigned recognizes that the state court action appears to emphasize negligence while the federal complaint has been amended in an effort to state an Eighth Amendment deliberate indifference claim, which requires a more culpable mental state than negligence.[5]

---

[5] The state complaint alleges, for example, that plaintiff's "injury [was] suffered as a direct result (continued…)

4

Moreover, the state suit names Jones, Folsom State Prison and CDCR as defendants, while the federal suit proceeds only against Jones.  These distinctions do not defeat substantial similarity.  Both actions arise from the same incident, and involve the central questions of Jones' responsibility for causing plaintiff's head injury when the flashlight fell.  The legal theories for recovery in the two cases overlap, especially in light of the state complaint's inclusion of intentional tort and "oppression" claims.  Despite the variation in legal theories between the state and federal complaints, both actions will require inquiry into Jones' conduct and state of mind, determination of causation, and evaluation of plaintiff's injuries.  Accordingly, the court finds that plaintiff's state and federal actions are "substantially similar."  It is therefore appropriate to consider the Colorado River factors to determine whether a stay of the federal action is appropriate.  Nakash, 882 F.2d at 1416.

### B. Application of Colorado River Factors

#### 1. Jurisdiction over property at stake

No property is involved in these parallel lawsuits, so the first Colorado River factor does not apply.

#### 2. Inconvenience of federal forum

Both courts are located in Sacramento, so this factor is neutral.

---

of [defendant's] controlling [his] flashlight," ECF No. 20-1 at 9; "[plaintiff] suffered injury as a direct result of K. Jones['] flashlight falling from his possession or control," id. at 11; "K Jones['] flashlight inadvertently fell out of his holder," id. at 12, 13 and 17; "defendant admitted[] to dropping his flashlight to the first tier from the fifth tier by failure to maintain security of his possessed flashlight," id. at 15; "[t]he negligence act imposed or cause[d] head [injuries]," id.; and that all "defendant(s) negligently caused the damage to plaintiff on 12/17/2010 . . . negligently maintained the Gun Walker with strapless flashlight holders, and thereby allowed a dangerous condition to exist, which caused injury to plaintiff when the flashlight fell," id. at 16.  Plaintiff's "premises liability" claim against defendants Folsom State Prison and CDCR alleges, inter alia, negligent maintenance of the subject premises and "employing faulty equipment."  Id. at 10, 17.

The original federal complaint was dismissed on screening because plaintiff's allegations suggested that the incident had been accidental and therefore no more than negligent.  See ECF No.10.  Plaintiff was provided information on the elements of an Eight Amendment claim, id., and the subsequent FAC alleges that sole defendant Jones targeted plaintiff and that "the flashlight was dropped deliberately to observe the maximum injury result for amusement by K. Jones."  ECF No. 13 at 3.

### 3. Avoidance of piecemeal litigation

The third factor weighs strongly in favor of a stay. "The mere possibility of piecemeal litigation does not constitute an exceptional circumstance. Instead, the case must raise a special concern about piecemeal litigation, which can be remedied by staying or dismissing the federal proceeding." R.R. Street, 656 F.3d at 979 (citations and internal quotation marks omitted). Special concerns include the following: (1) whether deciding the state and federal actions in separate courts "would result in duplication of efforts;" (2) whether the federal action seeks to adjudicate issues implicated in a "vastly more comprehensive state action;" and (3) whether there is a "highly interdependent" relationship between the federal and state cases. Id. at 979-80 (citations and internal quotation marks omitted). Where these circumstances exist, the avoidance of piecemeal litigation weighs against the exercise of jurisdiction by the federal court. Id. at 980.

Each of these special concerns weighs against the exercise of federal jurisdiction in the instant case. If plaintiff's state and federal actions proceed contemporaneously, the assessments of causation and injury would be duplicative and the results could be inconsistent. "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." Am. Int'l Underwriters, (Philippines), Inc. v. Cont'l Ins. Co., 843 F.2d 1253, 1258 (9th Cir. 1988). Because plaintiff's state court action includes additional defendants, it is more comprehensive as to causation, particularly concerning the routine hazards posed by the overhead walkway to prisoners required to wait underneath it for medical appointments. Staying the instant federal action until the conclusion of plaintiff's state action would preserve limited judicial resources, contain defendants' expenditure of time and resources, and prevent inconsistent results. Although plaintiff's state court action does not presently include his federal deliberate indifference claim, plaintiff may seek leave of the state court to file an amended complaint that includes that claim.[6]

////

---

[6] As plaintiff has previously been informed, a federal constitutional claim may be brought under 42 U.S.C. § 1983 in either state or federal court.

#### 4. Chronology

The fourth factor, the order in which the forums obtained jurisdiction, clearly weighs in favor of a stay. Plaintiff initiated his state court action more than two years before he filed this federal action. Significantly more progress has been made in the state case. Trial assignment is scheduled next month in plaintiff's state lawsuit, while the instant action remains at the pleading stage. It is reasonable that plaintiff "be bound by [his] initial choice of the state forum, given the substantial progress that has occurred in the state court litigation." Am. Int'l Underwriters, 843 F.2d at 1259.

#### 5. Law providing rule of decision

Although negligence and other tort claims are governed by state law, and federal constitutional claims are governed by federal law, plaintiff is not precluded from bringing his federal claim in state court. This court previously encouraged plaintiff to amend his state complaint to add his federal claim, even if presented in the alternative. The court informed plaintiff that whether or not he amends his state court complaint to include his federal claim, this court may nevertheless be precluded by principles of res judicata from later considering the federal claim. See ECF No. 25 at 13 n.8. This is because "the doctrine of res judicata will bar not only claims actually litigated in a prior proceeding, but also claims that could have been litigated." Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 364 (9th Cir. 1993).

Because the state court has the authority to consider plaintiff's federal claims, this factor does not weigh against a stay. Any inconsistencies among plaintiff's negligent, intentional tort, and deliberate indifference claims can and should be resolved in one forum.

#### 6. Protection of parties' rights

The California courts are fully capable of vindicating plaintiff's rights. Inclusion of his federal constitutional claim in his state action, either in the original complaint or by amendment, would have provided a full and fair opportunity to litigate these factually and legally intertwined matters. "State courts, like federal courts, have a constitutional obligation . . . to uphold federal law." Stone v. Powell, 428 U.S. 465, 533 n.35 (1976) (citing Robb v. Connolly, 111 U.S. 624,

637 (1884)).  This factor does not weigh against a stay.

### 7. Avoidance of forum shopping

Plaintiff has elected to pursue state law claims in state court and separately bring a related federal claim in federal court, despite concurrent jurisdiction over the latter.  If this court were to proceed on the merits of plaintiff's federal action while his previously-filed and intentionally-limited state action proceeds in state court, plaintiff's efforts at forum shopping would be improperly rewarded.  The courts "have no interest in encouraging this practice."  Am. Int'l Underwriters, 843 F.2d at 1259.  This factor weighs in favor of a stay.

### 8. Whether state court will resolve all federal issues

Although not every element of plaintiff's federal claim will be litigated in the state proceedings, a state court judgment will likely have preclusive effect on plaintiff's federal claim for the reasons previously explained.  Even absent a res judicata bar to federal litigation, a majority of the factual and legal questions presented by the FAC will necessarily be decided in the state court proceedings.  This factor weighs in favor of a stay.

## C. The Balance Weighs Strongly In Favor Of A Stay

Consideration of the above factors demonstrates that a stay is warranted in this case to conserve judicial resources, and to avoid piecemeal litigation and the possibility of inconsistent results.  Deference to state court jurisdiction is particularly appropriate here because state court was plaintiff's initial forum choice, and the state court has always been available to resolve plaintiff's federal claim.  Defendant has met his burden of demonstrating exceptional circumstances warranting a stay of this action.

## V. Proposed Second Amended Complaint

Plaintiff has, without leave of court, filed a proposed Second Amended Complaint (SAC).  See ECF No. 27.  The proposed SAC seeks to assert deliberate indifference and "gross negligent" claims against defendant Jones and several additional institutional defendants.

In general, upon motion, the court should "freely" grant leave to amend a pleading "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Given the present procedural posture of this case, however, amendment would be inappropriate.  In light of the recommendation that this case be

stayed pending final resolution of plaintiff's state court action, with the understanding that the state court's decision may impact the scope and viability of the instant case, amendment at this time serves no purpose. Therefore, plaintiff's implied request for leave to file his proposed SAC will be denied without prejudice.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's implied motion for leave to file a Second Amended Complaint is DENIED without prejudice; and

2. The Clerk of Court is directed to designate on the docket that the Second Amended Complaint, ECF No. 27, is to be disregarded.

Additionally, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to stay this action, ECF No. 34, be GRANTED;

2. This action be stayed pending final resolution of plaintiff's related state court case, Sacramento County Superior Court Case No. 34-2011-00111910; and

3. Defendant be directed to file and serve, within thirty days after final resolution of the above-noted state court case, a statement so informing the court, together with a supported motion requesting that this court either proceed with, or dismiss, the instant federal action.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 10, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE