UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY COOPER,<br><br>        Plaintiff,<br><br>    v.<br><br>K. JONES,<br><br>        Defendant. | No. 2:14-cv-0453 KJM AC P<br><br>FINDINGS AND RECOMMENDATIONS |

I.     Introduction

      Plaintiff is a state prisoner incarcerated at Folsom State Prison, under the authority of the California Department of Corrections and Rehabilitation (CDCR), proceeding pro se with this civil rights action filed pursuant to 42 U.S.C. § 1983. By order filed March 13, 2017, this case was stayed pending final resolution of plaintiff's related state court case, Cooper v. Jones, Sacramento County Superior Court Case No. 34-2011-00111910. See ECF No. 39. Plaintiff subsequently informed the court that his state court action was completed on April 12, 2017. ECF No. 40. The stay was lifted and the parties were directed to brief whether the instant federal action should proceed. ECF Nos. 41-2. That briefing has been completed. ECF Nos. 43-5.

      This matter is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the following reasons, the undersigned recommends that the instant case be dismissed with prejudice.

## II. Background

Both the instant action and plaintiff's state court action are premised on injuries plaintiff sustained on December 17, 2010, while waiting in line to receive medication at Folsom State Prison. Plaintiff was seated on a bench in Unit One's C-side medication line when defendant Correctional Officer K. Jones, who was on the gun walk area above the medication line, dropped his flashlight on plaintiff's head. Plaintiff required multiple stitches to close his head wound and alleges ongoing injury and pain.

On October 4, 2011, plaintiff filed a state court action against defendant Jones, Folsom State Prison and CDCR. See ECF No. 20-1 at 5-20 (exhibit). On February 2, 2014, plaintiff commenced the instant federal action. ECF No. 1. Upon screening the original complaint pursuant to 28 U.S.C. § 1915A, this court found the allegations insufficient to state a cognizable Eighth Amendment claim, reasoning that "the specific facts alleged (including those in plaintiff's exhibit) do not indicate that the dropping of the flashlight was anything other than purely accidental." ECF No. 10 at 4. This court dismissed the complaint, informed plaintiff of the legal standards for stating an Eighth Amendment claim, and granted plaintiff leave to file an amended complaint. ECF No. 10. Plaintiff filed the operative First Amended Complaint (FAC) on July 29, 2014, alleging that Jones had intentionally dropped his flashlight on plaintiff's head. ECF No. 13. The court found the FAC states a potentially cognizable Eighth Amendment claim against Jones and ordered service of the FAC on defendant. ECF Nos. 16, 18.

Jones responded with a motion to dismiss plaintiff's federal action on statute of limitations grounds or, alternatively, under the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971), due to the pendency of plaintiff's state court action. ECF No. 20. The court denied the motion without prejudice on statute of limitations grounds, and with prejudice on Younger grounds, and accorded defendant the opportunity to file a motion to stay this action pursuant to Colorado River Water Conservation District v. United States, 424 U.S. 800, 818 (1976) (authorizing stay of a federal action "due to the presence of a concurrent state proceeding for reasons of wise judicial administration"). See ECF No. 25, 32. After the motion was filed and fully briefed, the court stayed this action under Colorado River pending final resolution of

plaintiff's state court action. ECF Nos. 34-9.

On April 26, 2017, plaintiff informed this court that his state action had concluded. ECF No. 40. Review of the Sacramento County Superior Court's docket[1] demonstrates that the jury found "the conduct of Defendant Jones [was] a substantial factor in causing harm to Mr. Cooper," and awarded plaintiff non-economic damages in the amount of $20,000.[2] This court lifted its stay, ECF No. 41, and set a briefing schedule, ECF No. 42. Briefing was completed on October 6, 2017. ECF Nos. 43-5.

Defendant now requests the dismissal of this case on the ground that "the decision in the state law matter acts as res judicata towards this action." ECF No. 44 at 3. Defendant emphasizes that plaintiff failed to include his federal claim in his state action despite being informed by this court that failure to do so may preclude proceeding on his federal claim in this court.[3] Id. at 2.

Plaintiff contends that this federal action is not precluded because Section 1983 was enacted to empower federal courts to enforce federally protected rights against state action. See ECF No. 45 at 7 (citing Mitchum v. Foster, 407 U.S. 225 (1972)). Plaintiff's briefing does not otherwise address principles of claim preclusion.

---

[1] See https://services.saccourt.ca.gov/PublicCaseAccess/ This court may take judicial notice of its own records and the records of other courts. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

[2] See Cooper v. Jones, Sacramento County Superior Court Case No. 34-2011-00111910, Dkt. No. 466 ("Minute Order finalized 4/4/17 JT Day 2").

[3] Defendant relies on the undersigned's statement set forth in the findings and recommendations filed February 13, 2017, ECF No. 38 at 7 (adopted Mar. 13, 2017, ECF No. 39):

> Although negligence and other tort claims are governed by state law, and federal constitutional claims are governed by federal law, plaintiff is not precluded from bringing his federal claim in state court. This court previously encouraged plaintiff to amend his state complaint to add his federal claim, even if presented in the alternative. The court informed plaintiff that whether or not he amends his state court complaint to include his federal claim, this court may nevertheless be precluded by principles of res judicata from later considering the federal claim. See ECF No. 25 at 13 n.8. This is because "the doctrine of res judicata will bar not only claims actually litigated in a prior proceeding, but also claims that could have been litigated." Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 364 (9th Cir. 1993) (citations omitted).

### III. Legal Standards Governing Claim Preclusion

The doctrine of claim preclusion, or res judicata, "bars repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits." United States v. Tohono O'Odham Nation, 563 U.S. 307, 315 (2011) (citation and internal quotation marks omitted). The date of the initial judgment controls the application of res judicata. Guild Wineries & Distilleries v. Whitehall Co., 853 F.2d 755, 761 (9th Cir. 1988).

Under the Full Faith and Credit Statute, 28 U.S.C. § 1738, a federal court must accord a state court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered. See Migra v. Warren City School District Bd. of Educ., 465 U.S. 75, 81 (1984) (state court final judgments are entitled to claim preclusion in federal Section 1983 actions). In California, "the doctrine of res judicata has two aspects. 'First, where the causes of action and the parties are the same, a prior judgment is a complete bar in the second action. This is fundamental and is everywhere conceded. [¶] Second, where the causes of action are different but the parties are the same, the doctrine applies so as to render conclusive matters which were decided by the first judgment.'" Taylor v. Hawkinson, 47 Cal. 2d 893, 895 (1957) (quoting Sutphin v. Speik, 15 Cal. 2d 195, 201 (1940)). [4]

The contours of a "cause of action" under California law are determined by application of the "primary rights doctrine." Under this doctrine a "cause of action" is defined as: "(1) a primary right possessed by the plaintiff, (2) a corresponding primary duty devolving upon the defendant, and (3) a harm done by the defendant which consists in a breach of such primary right and duty." Brodheim v. Cry, 584 F.3d 1262, 1268 (9th Cir. 2009) (citations and internal quotation marks omitted). "The same cause of action is implicated if two lawsuits are based on the same primary right. That primary right is the right to be free from a particular injury,

---

[4] In the related doctrine of collateral estoppel (also known as issue preclusion), "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." Allen v. McCurry, 449 U.S. 90, 94 (1980). "A prior judgment operates as a bar against a second action upon the same cause, but in a later action upon a different claim or cause of action, it operates as an estoppel or conclusive adjudication as to such issues in the second action as were actually litigated and determined in the first action." Taylor, supra, 47 Cal. 2d at 895-96 (citations and internal quotation marks omitted).

4

regardless of the legal theory on which liability for the injury is based. . . . [¶] The scope of the primary right therefore depends on how the injury is defined. . . . An injury is defined in part by reference to the set of facts, or transaction, from which the injury arose." Ewing v. Superior Court of California, 90 F. Supp. 3d 1067, 1076 (S.D. Cal. 2015) (citations and internal quotation marks omitted):

IV. Analysis

Following a jury trial, the state court reached a final determination and entered judgment on the merits of plaintiff's negligence claim against defendant Jones. Although that action initially named Jones, Folsom State Prison, and CDCR as defendants,[5] the operative amended complaint named only Jones,[6] and the state court trial proceeded against Jones alone.[7] The instant federal action has at all times proceeded only against Jones. Because the state action was ultimately limited to Jones, as is plaintiff's federal action, the state and federal actions involve the same parties.

The next question is whether these actions involved the same "cause of action." Under the "primary rights doctrine," "if two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." Eichman v. Fotomat Corp., 147 Cal. App. 3d 1170, 1174 (1983) (collecting cases). "The cause of action . . . will therefore always be the Facts from which the plaintiff's primary right and the defendant's corresponding primary duty have arisen, together with the Facts which constitute the defendant's delict or act of wrong." Corral v. State Farm Mut. Auto. Ins. Co., 92 Cal. App. 3d 1004, 1010 (1979) (citation and internal quotation marks omitted).

////

---

[5] See ECF No. 20-1 at 5-20 (exhibit); see also Cooper v. Jones, Sacramento County Superior Court Case No. 34-2011-00111910, Dkt. No. 1 filed October 4, 2011.
[6] See Cooper v. Jones, Sacramento County Superior Court Case No. 34-2011-00111910, Dkt. No. 147 at p. 2 ("Amended Complaint (1st) filed)," filed 12/01/2014.
[7] See Cooper v. Jones, Sacramento County Superior Court Case No. 34-2011-00111910, Dkt. No. 466 ("Minute Order finalized 4/4/17 JT Day 2").

In the instant case, plaintiff's relevant primary right on December 17, 2010 was to be free from injury as a prisoner waiting in the Folsom State Prison Unit One C-side medication line. The corresponding primary duty of defendant Correctional Officer K. Jones was to protect plaintiff from injury. Defendant violated his duty when he dropped his flashlight on plaintiff's head, violating plaintiff's right to be free from injury. The same set of facts define plaintiff's relevant primary right and defendant's corresponding primary duty, as well as defendant's breach of that duty and his violation of plaintiff's right. The court finds that these coterminous facts, which are at the core of both plaintiff's state and federal actions, reflect the same primary right and therefore the same cause of action.

The fact that plaintiff pursued different theories of liability in state and federal court does not undermine this conclusion. "Under California law, the claim arises from the harm suffered, as opposed to the particular theory of the litigant. Even when multiple legal theories for recovery exist, one injury gives rise to only one claim for relief." Eichman v. Fotomat Corp., 759 F.2d 1434, 1438 (9th Cir. 1985) (citing Slater v. Blackwood, 15 Cal. 3d 791, 795-96 (1975)).

In his original state complaint, plaintiff alleged simply that defendant Jones' flashlight "inadvertently fell out of his holder" onto plaintiff's head. ECF No. 20-1 at 12. This negligence claim is consistent with Jones' report of the incident.[8] Although plaintiff's original complaint identified three defendants (Jones, Folsom State Prison, and CDCR), and included additional claims of premises liability, government tort and violation of state civil rights laws, ECF No. 20-1 at 5-20, these additional matters were dropped in plaintiff's amended complaint. In his operative

---

[8] On the day of the incident, defendant Jones completed a memorandum addressed to Lt. Torres and entitled "Accidental Flashlight Hitting Inmate." See ECF No. 20-1 at 27 (exhibit). The memorandum provided in full, id.:

> On December 17, 2010, at approximately 1235 hours, while performing my duties as the Unit 1, C-side Gun Walk Officer, post # 221201, my flashlight inadvertently fell out of my holder, falling down tot eh 1st Tier C-side Landing from the lower Gun Walk area. Inmate Cooper, A. [CDCR #] was sitting directly below me waiting to receive his medication on the C-Side medication holding are. When the flashlight fell, it struck Inmate Cooper directly on top of his head. I then observed Unit 1 Officers respond to the incident and escort inmate Cooper to the Triage Treatment Area (TTA) for medical evaluation.

6

state court complaint, which included reliance on the Eighth Amendment, plaintiff alleged only that he had been injured by Jones "as a direct result of [his] negligent act."[9]

Plaintiff's original complaint in the instant federal action generally alleged that Jones acted "with conscious reckless disregard to the security and safety in maintaining possession or control of his five pound flashlight[.]" ECF No. 1 at 3 (sic). The operative federal complaint concedes that it "is a question for the jury to determine" whether defendant's challenged conduct was inadvertent, intentional and/or deliberately indifferent. See ECF No. 13. This question, as framed by plaintiff himself, demonstrates that both his state negligence claim and his federal deliberate indifference claim reflect one primary right and therefore one cause of action. Prior similar cases reaching the same conclusion have applied claim preclusion to bar the plaintiff's federal deliberate indifference claim because not brought in his state court negligence action.[10]

Plaintiff contends that Section 1983 renders federal courts responsible for protecting individuals from the violation of their civil rights by state actors, and that he can therefore only

---

[9] See Cooper v. Jones, Sacramento County Superior Court Case No. 34-2011-00111910, Dkt. No. 147 at p. 2 ("Amended Complaint (1st) filed)," filed 12/01/2014.

[10] See e.g. Thaut v. Hsieh, Case No. 2:15-cv0590 JAM KJN PS, 2016 WL 3058235, at *23, 2016 U.S. Dist. LEXIS 70781, at *77-8 (E.D. Cal. May 31, 2016) (collecting cases) ("While plaintiffs' state court action was based on state tort law and their present claims are premised as Eighth Amendment claims brought pursuant to 42 U.S.C. § 1983, this difference is of no consequence to a determination under California's "primary rights" analysis because the claims asserted in the prior action and the present action are all based on the exact same factual background and alleged injury, i.e. decedent experiencing pain and suffering, and ultimately death, due to defendants' actions, or inactions, while decedent was in defendants' care between March 2010 and his death on March 21, 2013. . . . Accordingly, plaintiffs' claims in this action concern the same 'primary rights' that were at stake in their previous state court action."), report and recommendation adopted, 2016 WL 10672012 (E.D. Cal. Aug. 11, 2016), aff'd sub nom. Edwards v. Hsieh, 745 Fed. Appx. 6 (9th Cir. 2018); Hutchison v. California Prison Indus. Auth., 2015 WL 179790, at *5, 2015 U.S. Dist. LEXIS 4676, at *12-3 (N.D. Cal. Jan. 14, 2015) ("Plaintiff's Eighth Amendment claim for deliberate indifference to the threat of serious harm and Plaintiff's state negligence claims do involve the same wrong by Defendants – their failure to protect and warn Plaintiff against hazardous working conditions and their failure to refer Plaintiff for testing for physical symptoms resulting from the hazardous conditions. The cases also involve the same injury to Plaintiff – serious physical impairments resulting from his exposure to the hazardous conditions. Accordingly, these claims involve the same primary right."); see also Hammler v. Davis, Case No. 2:14-cv-2073 MCE AC P, 2016 WL 336193, at *7 n.11, 2016 U.S. Dist. LEXIS 10416, at *21 n.11 (E.D. Cal. Jan. 28, 2016) (collecting cases), report and recommendation adopted, 2016 WL 8731359 (E.D. Cal. Mar. 4, 2016).

pursue his Section 1983 claim in this federal court. However, it is well established that federal and state courts have concurrent jurisdiction over cases arising under Section 1983. As explained by the Supreme Court, "[a]lthough § 1983, a Reconstruction-era statute, was passed to interpose the federal courts between the States and the people, as guardians of the people's federal rights, state courts as well as federal courts are entrusted with providing a forum for the vindication of federal rights violated by state or local officials acting under color of state law." Haywood v. Drown, 556 U.S. 729, 735 (2009) (citing, inter alia, Mitchum, 407 U.S. at 242) (further citations and internal quotation marks omitted). This concurrent jurisdiction over Section 1983 claims means that a federal claim that could have been, but was not, brought in a prior state court action is barred by claim preclusion. As the Ninth Circuit Court of Appeals has explained:

> Claims under 42 U.S.C. § 1983 are subject to claim preclusion even if the litigants did not actually litigate the federal claim in state court. See Migra [supra] 465 U.S. [at] 83-85 [] (holding that petitioner's § 1983 claim is subject to claim preclusion); Allen, 449 U.S. at 97-99 (discussing history of § 1983 and rejecting argument that Congress exempted § 1983 claims from preclusion by state court judgments). In Migra, the Supreme Court specifically rejected the argument that a § 1983 claim that could have been, but was not raised in a state-court proceeding can avoid the preclusive effect of res judicata. Migra, 465 U.S. at 84-85. Therefore, [plaintiff's] § 1983 claim is not exempt from preclusion under the doctrine of claim preclusion.

Holcombe v. Hosmer, 477 F.3d 1094, 1097 (9th Cir. 2007).

Under California's claim preclusion doctrine, "all claims based on the same cause of action must be decided in a single suit; if not brought initially, they may not be raised at a later date." Mycogen Corp. v. Monsanto Co., 28 Cal. 4th 888, 897 (2002). "In California, final judgments, even if erroneous, are a bar to further proceedings based on the same cause of action." Eichman, 759 F.2d at 1438 (citing Slater at 797). "The reason for this is manifest. A party cannot by negligence or design withhold issues and litigate them in consecutive actions. Hence the rule is that the prior judgment is res judicata on matters which were raised or could have been raised, on matters litigated or litigable." Sutphin, 15 Cal.2d at 202.

For these several reasons, the court finds plaintiff's federal action against defendant Jones barred by the doctrine of claim preclusion. This finding precludes the court's analysis of plaintiff's federal claim on the merits and renders futile any further attempt by plaintiff to pursue

the claim.  As a result, this action should be dismissed with prejudice.[11]

V. Conclusion

Accordingly, for the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 18, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[11] Accord, Vawter v. Bank of Am. NA, 108 F. Supp. 3d 719, 725 (D. Ariz. 2015) ("because the Court dismisses Plaintiff's complaint on preclusion grounds, the dismissal is with prejudice"); Mir v. Frandzel, Robin, Bloom, Csato, LC, 2016 WL 4425715, at *8, 2016 U.S. Dist. LEXIS 109418, at *24 (C.D. Cal. Aug. 16, 2016), aff'd, 699 Fed. Appx. 752 (9th Cir. 2017) (citing Vawter); Zapia v. Wells Fargo Bank, N.A., 2018 WL 2461505, at *5, 2018 U.S. Dist. LEXIS 92285, at *15 (S.D. Cal. June 1, 2018) (dismissing complaint with prejudice because plaintiff's federal claim was precluded by doctrine of res judicata, rendering amendment futile); Dunn v. Mortg. Elec. Registration Sys., 2018 WL 4380978, at *2, 2018 U.S. Dist. LEXIS 156836, at *4 (D. Or. Sept. 14, 2018) ("Dismissals based on claim preclusion . . . are with prejudice.") (Collecting cases.).